plication only to "cities and towns in this State of over two thousand [2000] population, incorporated under the general laws thereof." Article 1119. To our mind, it is clear that the power to bring this suit under the provisions of articles 1121 and 1122, supra, has not been granted to the city of Sherman either by its charter or by any statute applicable to it. The view we take of this case makes it unnecessary to burden the opinion with a discussion of appellant's further assignments of error. The judgment of the lower court is reversed and here rendered for appellant.

Reversed and rendered.

from interfering with the operation of what are commonly called "marble machines" by appellant.

The trial court sustained the general demurrers filed by appellees and this appeal has been prosecuted from such action.

Neither party has filed briefs and we are therefore in the dark as to what the contentions of the parties were in the trial court.

After a careful study of appellant's petition, we are of the opinion that it fails to negative every hypothesis on which the threatened acts of appellees might be lawful and, consequently, the demurrers were properly sustained.

The judgment of the trial court is affirmed.

## HOUGHTON v. BRUNGARDT, Constable, et al.
### No. 3299.

Court of Civil Appeals of Texas. El Paso. Jan. 9, 1936.

C. W. Croom, of El Paso, for appellant.

D. E. Mulcahy, Co. Atty., J. Walker Morrow, City Atty., and Ernest Guinn, Asst. City Atty., all of El Paso, for appellees.

PELPHREY, Chief Justice.

This is an appeal from a judgment dismissing an application for an injunction against appellees seeking to restrain them

## BURNETT et al. v. TIPTON.
### No. 1450.

Court of Civil Appeals of Texas. Eastland. Nov. 15, 1935.

Rehearing Denied Jan. 3, 1936.

